**UNITED STATES of America**

v.

**Cecil B. WEBB, Steven M. Holley, Dana Christopher, Charles M. Webb and Andre Bennett.**

CR. No. 93–10021–GN.

United States District Court, D. Massachusetts.

May 20, 1993.

John W. Laymon, Laymon & Associates, Boston, MA, for defendant Cecil B. Webb.

Alan Chapman and Randy S. Chapman, Alan Chapman & Associates, Chelsea, MA, for defendant Steven M. Holley.

Peter T. Elikann, Boston, MA, for defendant Dana Christopher.

James P. Duggan, Boston, MA, for defendant Charles M. Webb.

R. Bradford Bailey, U.S. Atty., U.S. Attorney's Office, Boston, MA, for U.S.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Defendants Charles M. Webb ("Charles Webb"), Steven M. Holley ("Holley") and Cecil B. Webb ("Cecil Webb") have filed motions to sever and/or for relief from prejudicial joinder in the case at bar. On January 27, 1993, the Grand Jury returned an eight count indictment charging, *inter alia,* two separate conspiracies to distribute cocaine base, each involving different defendants. Count One of the indictment charges Cecil Webb, Holley and Dana Christopher ("Christopher") with conspiring to distribute cocaine base from December 1991 to February 1992 in violation of 21 U.S.C. § 846. Counts Three and Four charge the same three defendants with substantive drug offenses in furtherance of the conspiracy.

A separate conspiracy to distribute cocaine base, allegedly dating from January 1992, is charged in Count Two of the indictment. Cecil Webb, Charles Webb and Andre Bennett ("Bennett") are the defendants alleged to be members of that conspiracy. Count five charges Cecil Webb, Charles Webb and Bennett with distribution of cocaine in furtherance of the conspiracy and Counts Six through Eight charge Charles Webb with various firearms offenses.[1]

### A. CHARLES WEBB'S FIRST MOTION TO SEVER.

Charles Webb has moved for severance, contending that the joinder of defendants in this case is improper under Fed.R.Crim.P. 8(b), and, alternatively, even if joinder is proper, that he should be granted relief from prejudicial joinder pursuant to Fed. R.Crim.P. 14. Fed.R.Crim.P. 8(b) provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

When a district court considers a claim of misjoinder, "the propriety of joinder is determined from the charges of the indictment ... [and a] rational basis in fact must be discernible from the face of the indictment." *United States v. Habicht,* 766 F.Supp. 22, 29 (D.Mass.1991). *See also United States v. Natanel,* 938 F.2d 302, 306 (1st Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 986, 117 L.Ed.2d 148 (1992).

The Court concludes that under this standard, the joinder of defendants in this case is improper. Two separate and distinct conspiracies, involving different participants, are charged in the indictment. The only links between the conspiracies are that: 1) both are conspiracies to distribute cocaine and 2) Cecil Webb is alleged to be a member of both conspiracies. As to the former linking element, the First Circuit has stated that "mere similarity of acts, without more, cannot justify joinder." *Natanel,* 938 F.2d at 307. As to the latter, the presence of one overlapping member does not make two separate conspiracies part of the same series of acts or transactions.

In sum, the indictment, on its face, does not supply a rational basis in fact for joinder.

---

1. Count Seven also charges Cecil Webb with possession of a firearm with an obliterated serial number.

Thus, severance is required. *See id.* at 306. Cecil Webb, Holley and Christopher will be tried together on Counts One, Three and Four. Cecil Webb, Charles Webb and Bennett will be tried together on Counts Two, Five, Six, Seven and Eight.

## B. CHARLES WEBB'S SECOND MOTION TO SEVER.

■ Charles Webb also moves for severance of Count Seven of the indictment which charges Cecil Webb and him with possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). When a case involves multiple defendants, Fed. R.Crim.P. 8(b) governs joinder of offenses as well as joinder of defendants. *Id.* at 306. Thus, the multiple offenses charged must be part of the same series of acts or transactions.

The determination of what constitutes the same series of acts or transactions "involves a balancing of the benefit to the government of trying together multiple defendants involved in related incidents against each defendant's right to have his own guilt considered separately." *United States v. Arruda*, 715 F.2d 671, 678 (1st Cir.1983). "A conspiracy count can be a sufficient connecting link between co-defendants and separate substantive offenses to permit their joinder in a single indictment ... ." *United States v. Luna*, 585 F.2d 1, 4 (1st Cir.), *cert. denied*, 439 U.S. 852, 99 S.Ct. 160, 58 L.Ed.2d 157 (1978).

Nonetheless, Charles Webb argues that the possession of a firearm count is unrelated to the cocaine conspiracy charged in Count Two, and thus not part of the same series of acts or transactions. The Court disagrees. Count Seven of the indictment alleges that Charles Webb possessed an Uzi sub-machine gun with an obliterated serial number on January 13, 1992, the same day that he, Cecil Webb and Bennett, according to Count Five, distributed cocaine in furtherance of the conspiracy charged in Count Two. Moreover, Count Eight, the joinder of which Charles Webb does not question, charges him with being a felon in possession of a revolver and (presumably the same) Uzi sub-machine gun with an obliterated serial number. The Court concludes that Counts Two, Five, Six, Seven, and Eight "are reasonably classifiable as part of a series" and, thus, are properly joined. *Natanel*, 938 F.2d at 306.

Even if joinder is proper under Fed. R.Crim.P. 8(b), however, a defendant still may seek relief from prejudicial joinder under Fed.R.Crim.P. 14, which provides, in pertinent part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

"A motion for severance is addressed to the discretion of the trial court, and to prevail defendant must make a strong showing of prejudice." *Arruda*, 715 F.2d at 679. Charles Webb has not made such a showing. Accordingly, his motion to sever Count Seven will be denied.

## C. HOLLEY'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER.

The motion of defendant Holley is based on three grounds. First, Holley argues for severance based on unspecified misjoinder of defendants. The Court believes that any misjoinder of defendants will be remedied by the allowance of Charles Webb's motion to sever addressed in Section A above. If Holley believes he is entitled to further relief from misjoinder, he may file a motion to that effect.

■ Next, Holley argues, under the authority of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), that he is entitled to be tried separately from all other defendants. Holley contends that the government is in possession of statements that his co-defendants made to authorities that "inferentially inculpate" him. A *Bruton* problem only exists, however, if: 1) the statements do, in fact, implicate Holley, 2) the government introduces the statements at trial, 3) the statements cannot be redacted adequately and 4) the author or authors of

the statements assert their fifth amendment privilege not to testify. If all of those conditions apply, Holley's Sixth Amendment rights of confrontation would be implicated. *United ed States v. Maling*, 737 F.Supp. 684, 705 (D.Mass.1990), *aff'd sub nom., United States v. Richard*, 943 F.2d 115 (1st Cir.1991).

Holley's argument, however, is both premature and speculative. *See id.* at 705. The government may choose not to use any such statements at trial or may be able to redact them adequately. Holley's alternative request that the government deliver to the court, *in camera*, any statements of co-defendants which it intends to introduce at trial is also premature, as well as overbroad, because if the statements do not relate to Holley, there is no *Bruton* problem. If Holley continues to believe that a *Bruton* problem exists, he may raise that argument again before trial and the Court will reconsider his motion to sever if there is such a problem and it is incurable.

Finally, Holley argues that severance should be granted because his defense is inconsistent with the defenses of his co-defendants. The Supreme Court has recently held that a district court should grant severance, based on a claim of conflicting defenses, "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, —— U.S. ——, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Holley has not revealed to the court the basis of his assertion that his defense is inconsistent with the defenses of his co-defendants, much less demonstrated the kind of conflict requiring severance. Accordingly his motion will be denied in all respects.

### D. CECIL WEBB'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER.

Cecil Webb argues for severance, under Fed.R.Crim.P. 14, claiming: 1) his defense conflicts with the defenses of his co-defendants, 2) his involvement in the alleged illegal activity was minimal, 3) other defendants are members of a gang called the "Columbia Point Dogs" and 4) other defendants have criminal records. The Court already rejected the first argument in denying a similar motion of defendant Holley. Cecil Webb's claim of conflicting defenses is no more persuasive.

Cecil Webb's three remaining arguments amount to a claim that there will be an unfair spillover effect on him from the introduction of evidence against his co-defendants. Such unsupported allegations of potential spillover do not compel severance. *See Arruda*, 715 F.2d at 679. Accordingly, Cecil Webb's motion will be denied.

### ORDER

For the foregoing reasons, it is hereby ORDERED:

1. Charles M. Webb's First Motion to Sever is **ALLOWED.** Defendants Cecil B. Webb, Steven M. Holley and Dana Christopher will be tried together on Counts One, Three and Four of the indictment. A separate trial will be held in which defendants Cecil B. Webb, Charles M. Webb and Andre Bennett will be tried together on Counts Two, Five, Six, Seven and Eight of the indictment.

2. Charles M. Webb's Second Motion to Sever is **DENIED.**

3. Steven M. Holley's Motion for Relief from Prejudicial Joinder is **DENIED.**

4. Cecil B. Webb's Motion for Relief from Prejudicial Joinder is **DENIED.**