UNITED STATES of America, Appellee,

v.

Al DAVIS, Appellant.

No. 84–1431.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1984.

Decided Oct. 29, 1984.

---

John L. Barnes, Fayetteville, Ark., for appellant.

Steven N. Snyder, Fort Smith, Ark., for appellee.

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the West- ern District of Arkansas.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Al Davis was convicted under 21 U.S.C. § 846 (1982) of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1) (1982). He appeals, arguing that the district court[1] erred in denying his motion for severance made after the government rested its case and in denying his motion for a new trial or judgment of acquittal. He argues the latter motion should have been granted because the verdict of the jury was ambiguous. We affirm the judgment of conviction.

Davis, Ted Robinson, Ross Wilkinson, James Hilton, and Boyd Bobo, all members of the Bandido Motorcycle Gang, were charged with conspiring to manufacture methamphetamine. After charges against Hilton were dismissed and Robinson pleaded guilty, the case was tried against Davis, Wilkinson, and Bobo. Shortly before the close of the government's case, Davis's counsel cross-examined a witness at length regarding the manufacture of methamphetamine. After the district court interrupted and called counsel to the bench, Wilkinson's counsel objected to the line of questioning, stating that it was prejudicing his client. The district court observed that the testimony was not "helping anybody" but allowed the examination to continue.

Within a few moments the government rested its case. The district court then granted a motion by Bobo for acquittal on grounds of insufficient evidence but stated that it had no sympathy for Bobo and thought he should go to jail. The court denied motions by Wilkinson's counsel for acquittal, for mistrial, and for severance based on Davis's counsel's conduct. It also denied Davis's motion for acquittal. It commented that while it would not have taken the approach used by Davis's counsel, the conduct was not "anywhere near

the point requiring a mistrial * * * or severance."

Following an in-chambers conference, Davis's counsel first stated: "In light of the comments which—the court's comments which preceded this, I have been advised by my client that he will not allow the trial to go any further with the possibility of prejudicing anyone else and therefore we will rest right after the government." The court then discussed Davis's concern for a "brother" of the Bandido Motorcycle Gang. Davis's counsel then moved for severance, reiterating that should it be denied, his client would rest his case rather than proceed with a defense "that would be prejudicial." The district court denied the motion but made it clear that it would continue the trial "as long as is necessary for * * Mr. Davis * * * to put on whatever case you have, whatever case you wish to." It stated that its earlier comments were made only for the purpose of ruling on the previous motions for mistrial and severance. The court called on Davis personally, who confirmed that he had given directions to his attorney to present no defense.

After instructions and closing argument, the case was submitted to the jury, which acquitted Wilkinson but found Davis guilty. The verdict form for Davis contained the additional comment: "We the jury believe that Al Davis was used by the witnesses that testified against him." The jury was polled, and each member confirmed the verdict against Davis.

Davis, as a prelude to his argument that the district court erred in failing to sever his case, asserts that "[r]ather than prejudice the case of his co-defendant Wilkinson, and chilled by the statements of the Court and co-defendant's Attorney, * * * [he] abandoned the presentation of his prepared defense." He states:

Faced with the prospect of injuring the defendant Ross Wilkinson's defense, as made clear out of court, stated in court by Mr. Wilkinson's attorney and implied by the Court, Al Davis was intimidated and forced to abandon the presentation of his intended defense. Mr. Davis felt that he had no real choice and was being deprived of his right to a fair trial by the position of both the Court and the defendant Wilkinson.

He further claims that the "antagonistic, obstructionist conduct of co-defendant Wilkinson's attorey [sic] in court made him aware that pursuing a defense which could prejudice the defendant Wilkinson would not be tolerated." Davis argues that it was crucial that he present his intended defense, which was outlined for the jury in the opening statement.[2] He discusses at length the evidence that he would have presented, including the testimony of himself, government agents, and expert witnesses.

The record is dramatically clear that Davis himself decided to present no defense. We appreciate that a person standing trial on criminal charges will be apprehensive and will in all likelihood find the experience a chilling one. We further recognize that when two persons are tried jointly there may be conflicting interests and that one of the parties may well feel concern or even fright over the approach taken by the other. We have carefully examined the record of the trial and find no chilling effect in the comments of the district court. The comments of Wilkinson's counsel were certainly made in vigorous defense of his client, but we see nothing "obstructionist" in them. To characterize them as intimidating or antagonistic is to speak only to the subjective feelings of Davis and his counsel. The district court had full control of the trial at all times and conducted it fairly. Davis was not forced to abandon presentation of his defense. If Davis, through particular consideration for his fellow club member or because of his apprehension or fear, determined that he would not present a defense, he simply has made a decision with which he must live.

2. Davis also argues on appeal that he had asked to defer his opening statement until the conclusion of the government's case but was requested by the court to present it at the outset of the trial. We find nothing in the record to support this claim.

His argument in this respect is totally lacking in merit.

 We turn to Davis's argument that he was entitled to severance. The general rule is that persons charged in a conspiracy should be tried together, particularly where proof of the charges against the defendants is based upon the same evidence and acts. *United States v. Lee,* 743 F.2d 1240 at 1248 (8th Cir.1984); *United States v. Krevsky,* 741 F.2d 1090 at 1094 (8th Cir. 1984); *United States v. Miller,* 725 F.2d 462, 467 (8th Cir.1984). A motion to sever is addressed to the sound discretion of the district court; a denial of severance is not grounds for reversal unless clear prejudice and an abuse of discretion are shown. *Miller,* 725 F.2d at 467; *United States v. Burchinal,* 657 F.2d 985, 995 (8th Cir.), *cert. denied,* 454 U.S. 1086, 102 S.Ct. 646, 70 L.Ed.2d 622 (1981). To demonstrate an abuse of discretion, a defendant must show more than that his strategy was generally antagonistic to that of the other codefendants; the fact that there is hostility among the defendants is not a sufficient ground to require separate trials. *Miller,* 725 F.2d at 468; *United States v. Boyd,* 610 F.2d 521, 526 (8th Cir.1979), *cert. denied,* 444 U.S. 1089, 100 S.Ct. 1052, 62 L.Ed.2d 777 (1980). In this case we simply have initially a disagreement between counsel over how the case was to be tried. Davis then, either to avoid harming his fellow club member or because of other second thoughts, made his own decision not to present a defense. His intentions were announced before he asked for severance. Davis suggests no basis and none occurs to us that would establish a right to severance because of his decision. We must conclude that the district court did not abuse its discretion in denying the motion to sever.

 Davis also argues that the district court erred in denying a motion for a new trial because the jury verdict was equivocal and ambiguous. We do not believe that the comment on the verdict form regarding Davis qualified the verdict or rendered it equivocal or ambiguous. Each juror when questioned freely responded that Davis was guilty. The poll eliminated any uncertainty as to the verdict. *See United States v. Mears,* 614 F.2d 1175, 1179 (8th Cir.), *cert. denied,* 446 U.S. 945, 100 S.Ct. 2174, 64 L.Ed.2d 801 (1980); *United States v. Howard,* 507 F.2d 559, 563 (8th Cir.1974).

We affirm the judgment of the district court.