46 F.3d 1137
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Lawrence SIMMONS, Appellant.
 No. 94-1538.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 12, 1995.
Filed: Jan. 18, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Simmons appeals his drug conviction and 37-month sentence imposed by the district court.[1] We affirm.
 
 
 2
 Simmons was arrested pursuant to a warrant. That same day, the magistrate judge[2] appointed counsel and, over Simmons's objections, ordered a psychiatric evaluation. A competency hearing and preliminary examination was held, and Simmons was found competent to stand trial based on the evaluation. Two days later, he was charged with aiding and abetting the distribution of cocaine base on two occasions, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. A jury trial was held. The evidence showed that a confidential informant had contacted and advised the United States Postal Inspection Service that a postal employee, later identified as Simmons, had indicated he could provide the informant with drugs. The informant subsequently attempted to purchase drugs from Simmons on various occasions. The jury found Simmons guilty of one charged transaction, but not guilty of the other.
 
 
 3
 Simmons's presentence report (PSR) indicated a Guidelines range of 33 to 41 months. Although Simmons had declined to discuss his financial condition upon the advice of counsel, the PSR noted that he might be able to pay a partial fine based on information he had reported to the United States Pretrial Services Office after his arrest. Simmons filed pro se objections to the PSR, as well as a number of pro se motions, and, after unsuccessfully moving to withdraw, counsel filed supplemental objections.
 
 
 4
 At sentencing, Simmons's counsel challenged the disparate penalties for crack cocaine and cocaine. Counsel also argued that a fine was not appropriate because Simmons likely was going to be incarcerated. Simmons also was permitted to address the court and raised various issues. The district court overruled the objections, sentenced Simmons to 37 months imprisonment and three years supervised release, and imposed a partial fine of $300 to be paid during incarceration.
 
 
 5
 On appeal, after Simmons's counsel filed a brief and appendix, we allowed him to withdraw, and ordered that the case proceed pro se, and that Simmons file a brief by May 23, 1994. On May 17, Simmons filed a 48-page document which the clerk's office treated as a supplemental brief. Simmons has also filed a number of other pleadings, motions and documents. To the extent these documents raise appealable issues, we will address them as well.
 
 
 6
 We reject counsel's argument that the 100-to-1 ratio between penalties for cocaine and crack cocaine is unconstitutional, having recently reaffirmed our prior holding that it is not. United States v. Clary, 34 F.3d 709, 712-14 (8th Cir. 1994); see also United States v. Maxwell, 25 F.3d 1389, 1396-97, 1401 (8th Cir.), cert. denied, 115 S. Ct. 610 (1994). Counsel's argument that the district court should not have imposed a $300 fine is also meritless. Although the district court must consider seven factors and make specific findings on the record when determining a fine, see U.S.S.G. Sec. 5E1.2(d), (e); United States v. Walker, 900 F.2d 1201, 1205-06 (8th Cir. 1990) (per curiam), we accept the court's findings of fact unless clearly erroneous, give due deference to the court's application of the Guidelines, and may find a court's statement of its reasons for imposing a fine sufficient to demonstrate that it considered the section 5E1.2 factors. See United States v. Miller, 995 F.2d 865, 869 (8th Cir.), cert. denied, 114 S. Ct. 618 (1993). Here, the court ordered a minimal partial fine, considered both Simmons's future earning capacity while imprisoned and the Bureau of Prisons Inmate Financial Responsibility Program's specifications, and specifically provided for a payment schedule during the first 30 months of Simmons's supervised release should any portion of the fine remain unpaid at that time. See Section 5E1.2(f), (g).
 
 
 7
 Simmons argues that his indictment and trial were delayed in violation of the Speedy Trial Act. However, the indictment, filed two days after Simmons's competency hearing, was timely because the delay for a competency hearing is excluded in calculating the thirty-day period in which an indictment must be filed after a defendant's arrest. See 18 U.S.C. Sec. 3161(b), (h)(1)(A). Simmons's trial took place within 70 days from the date of the indictment, properly excluding the delays which resulted from the filing of his pretrial motions and the hearing on them which took place a month before his trial. See Section 3161(c)(1), (h)(1)(F).
 
 
 8
 Although Simmons claims the magistrate judge was without authority to order a competency hearing and the government used it to delay his criminal proceedings, the magistrate judge ordered the examination on the court's own motion, and had authority to do so. See 18 U.S.C. Sec. 4241(a); 28 U.S.C. Sec. 636. Simmons's assertions that he was arrested without a warrant and that the criminal complaint was not supported by an affidavit are groundless because the record reveals he was arrested pursuant to an arrest warrant, criminal complaint, and supporting affidavit.
 
 
 9
 Simmons's complaints regarding the legitimacy of the electronic surveillance in this case also fail. Any conversation wherein one of the parties has given prior consent to the interception is exempt from the provisions of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, see 18 U.S.C. Sec. 2511(2)(d), and thus when, as here, a law enforcement officer or informant participates in a conversation and records the conversation without prior judicial authorization, the evidence is admissible. See United States v. White, 401 U.S. 745, 751-53 (1971); United States v. Jones, 801 F.2d 304, 315 (8th Cir. 1986).
 
 
 10
 Simmons's claims that the undercover postal inspector gave inconsistent testimony amounting to "perjury" in the pretrial proceedings, and that the court improperly refused to allow cross- examination of the confidential informant at trial are likewise meritless. We agree with the magistrate judge that the "inconsistency" Simmons identified at the pretrial motion hearing was certainly not perjury and perhaps not even inconsistent. As to Simmons's cross-examination claim, we find no abuse of discretion. See United States v. Willis, 997 F.2d 407, 415 (8th Cir. 1993), cert. denied, 114 S. Ct. 704 (1994); Jackson v. Crews, 873 F.2d 1105, 1110 (8th Cir. 1989).
 
 
 11
 We reject Simmons's claim that he has not yet filed a brief and should be given additional time to do so. While this is a direct criminal appeal, Simmons and his former counsel, through their numerous filings, have raised a number of issues, which we have considered. After a careful review, we conclude the remaining motions and other filings are either moot or without merit.
 
 
 12
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The Honorable Catherine D. Perry, then United States Magistrate Judge for the Eastern District of Missouri, now United States District Judge