**UNITED STATES of America, Plaintiff,**

v.

**Orlando TONEY, Anthony Toney a/k/a Martin Shabazz, Omar Rasheed a/k/a Omar Randle, Rodney Davis a/k/a Edwin Banks, Defendants.**

No. CR 94–4026.

United States District Court,
N.D. Iowa,
Western Division.

April 4, 1995.

---

Assistant U.S. Atty. Michael M. Hobart, Sioux City, IA, for plaintiff U.S.

Wilford M. Forker, Sioux City, IA, for defendant Orlando Toney.

Frank Cosgrove, Sioux City, IA, for defendant Omar Randle.

Bradford Kollars, Sioux City, IA, for defendant Anthony Toney.

Robert L. Sikma, Sioux City, IA, for defendant Davis.

### ORDER REGARDING MOTIONS TO SEVER

BENNETT, District Judge.

In this criminal prosecution, all four defendants have moved, pretrial, to sever various counts of a nine count indictment on several differing but related theories. These motions require the court to explore the nuances of misjoinder, pursuant to Federal Rules of Criminal Procedure 8(a) and 14. Defendant Rodney Davis seeks to sever Counts 1 and 2 of a second superseding indictment on the grounds that those counts in this action have been misjoined pursuant to Rule 8(a). Defendants also seek severance of counts and/or co-defendants pursuant to Rule 14 on the following grounds: that Defendants will be deprived of the right to cross-examine co-defendants concerning inculpatory statements; that the complexity of the case will make it impossible for the jury

to separate the evidence and consider the charges against each Defendant separately; and that Defendants will present irreconcilably conflicting and mutually antagonistic defenses.

## I. INTRODUCTION AND BACKGROUND

In a nine count, second superseding indictment returned on December 21, 1994, Defendant Anthony Toney is charged in Count 1 with a bank robbery that occurred in Sioux City, Iowa on September 11, 1993, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. Count 2 charges Defendant Anthony Toney with using and carrying a firearm during the September 11, 1993, bank robbery, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. Count 3 charges Defendants Orlando Toney, Anthony Toney, Omar Rasheed and Rodney Davis with a bank robbery that occurred in Sioux City, Iowa, on September 16, 1994, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. Count 4 charges all four Defendants with assaulting and putting in jeopardy the lives of bank employees during the September 16, 1994, bank robbery, in violation of 18 U.S.C. § 2113(d) and 18 U.S.C. § 2. Count 5 charges all four Defendants with transporting and aiding and abetting in the transportation, in interstate commerce, of stolen currency in violation of 18 U.S.C. § 2314 and 18 U.S.C. § 2. Count 6 charges all four Defen-

dants with using and carrying a firearm during the September 16, 1994, bank robbery, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. Count 7 charges Defendant Anthony Toney with being a felon in possession of a firearm that has been transported in interstate commerce, in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2). Count 8 charges Defendant Davis with being a felon in possession of a firearm that has been transported in interstate commerce, in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2). Count 9 charges Defendant Omar Rasheed with delivery of a firearm for shipment in interstate commerce to a person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, in violation of 18 U.S.C. § 922(e).

This matter comes before the court on Defendant Rodney Davis' Motion for Separate Trials, Defendant Omar Latteef Randle's Motion for Relief from Prejudicial Joinder, Defendant Orlando Toney's Motion for Relief for Prejudicial Joinder, and Defendant Anthony Toney's Motion to Sever Trial or in Lieu Thereof, Motion for Separate Juries.[1] All of Defendants' respective motions are grounded on Federal Rule of Criminal Procedure 14.[2] Additionally, Defendant Davis moves to sever Counts 1 and 2 on the ground that there has been a misjoinder of offenses under Federal Rule of Criminal Procedure 8(a).[3]

---

1. The court notes that if Defendants' respective motions were granted *in toto*, the court would be required to hold eleven separate trials.

2. Federal Rule of Criminal Procedure 14 provides:

   If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

3. Federal Rule of Criminal Procedure 8 states:
   (a) **Joinder of Offenses.** Two or more offenses may be charged in the same indictment or

information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
   (b) **Joinder of Defendants.** Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.
   Although Defendant Davis has relied on Rule 8(a), the Eighth Circuit has clearly indicated that in cases involving jointly indicted multiple defendants the propriety of the initial joinder is governed solely by Rule 8(b). *See United States v. Jones*, 880 F.2d 55, 61 (8th Cir.1989); *United States v. Southwest Bus Sales, Inc.*, 20 F.3d 1449,

The Government has filed resistances to each of Defendants' respective motions. A hearing on Defendants' motion was held on January 13, 1994. The United States was represented by Assistant United States Attorney Michael M. Hobart. Defendant Randle was represented by Frank Cosgrove, Sioux City, Iowa. Defendant Anthony Toney was represented by Bradford Kollars, Sioux City, Iowa. Defendant Orlando Toney was represented by Wilford M. Forker, Sioux City, Iowa. Defendant Davis was represented by Robert L. Sikma, Sioux City, Iowa. These motions are now deemed fully submitted.

## II. ANALYSIS

■ A Rule 8(b) claim questions the propriety of joining two or more defendants in a single indictment in the first instance. In contrast, a Rule 14 claim assumes that the initial joinder of Defendants was proper but challenges their joint trial as unduly prejudicial. *See Jones,* 880 F.2d at 61. Thus, because the two rules address different concerns, the court will address Defendants' challenges under both Rule 8(b) and Rule 14.

### A. Joinder of Defendants Pursuant to Rule 8(b)

Initially, the court will take up the question of whether there has been proper joinder of Defendants in this action. Defendant Davis contends that the charges against Defendant Anthony Toney related to the 1993 bank robbery were improperly joined because those charges did not arise out of "the same series of acts or transactions" that constituted the other offenses. The Government asserts that joinder of Count 1 and Count 2 was proper in this case because they are based on a common scheme or plan.

■ As noted above, *see* supra note 3, joinder of offenses in multiple-defendant cases is governed by Rule 8(b) rather than Rule 8(a). *See Jones,* 880 F.2d at 61; *South-*

1453 (8th Cir.1994); *United States v. Graham,* 548 F.2d 1302, 1310 n. 5 (8th Cir.1977); *Williams v. United States,* 416 F.2d 1064, 1068 (8th Cir.1969); *see also* 1 C. Wright, Federal Practice and Procedure § 144, at 494 (1982) ("It is firmly established in the case law that the

*west Bus Sales,* 20 F.3d at 1453; *Graham,* 548 F.2d at 1310 n. 5; *Williams,* 416 F.2d at 1068. Whether joinder of defendants is proper is generally to be determined from the face of the indictment. *United States v. Grey Bear,* 863 F.2d 572, 581 (8th Cir.1988) (en banc) (per curiam) (equally divided court), *cert. denied,* 493 U.S. 1047, 110 S.Ct. 846, 107 L.Ed.2d 840 (1990); *United States v. Bledsoe,* 674 F.2d 647, 655 (8th Cir.), *cert. denied sub nom. Phillips v. United States,* 459 U.S. 1040, 103 S.Ct. 456, 74 L.Ed.2d 608 (1982); *see United States v. Beale,* 921 F.2d 1412, 1429 (11th Cir.), *cert. denied sub nom. Loriga v. United States,* 502 U.S. 829, 112 S.Ct. 100, 116 L.Ed.2d 71 (1991); *United States v. Morales,* 868 F.2d 1562, 1567 (11th Cir.1989); *United States v. Kaufman,* 858 F.2d 994, 1003 (5th Cir.1988). *But see United States v. Halliman,* 923 F.2d 873, 883 (D.C.Cir.1991) (holding that a trial court may consult the indictment as well as any other pretrial evidence offered by the government); *United States v. Perry,* 731 F.2d 985, 990 (D.C.Cir.1984) ("[A] demonstration of the necessary relationship [between joined offenses]—and hence the benefit to the court of joinder—may be made by the Government at some time before trial.").

■ Here, the 1993 offenses are properly joined if they are alleged to be part of the "same series of acts or transactions" that constituted the other charged offenses. Once a series of related offenses is established, each defendant need not be involved in all of the transactions charged. Rather, the test is whether the transactions themselves are related. *See Haggard v. United States,* 369 F.2d 968, 973 (8th Cir.1966), *cert. denied sub nom. Alley v. United States,* 386 U.S. 1023, 87 S.Ct. 1379, 18 L.Ed.2d 461 (1967); *United States v. Martinez,* 479 F.2d 824, 828 (1st Cir.1973). The Eighth Circuit has pointed out that

Courts generally read "same series of acts or transactions" to mean "acts or transactions that are pursuant to a common plan

propriety of joinder in cases where there are multiple defendants must be tested by Rule 8(b) alone and that Rule 8(a) has no application."). Therefore, any analysis concerning the misjoinder of offenses will be conducted pursuant to Rule 8(b).

or common scheme, which is to say (in the usual case) that the acts or transactions are part of a single conspiracy."

*Jones,* 880 F.2d at 61 (quoting *United States v. Velasquez,* 772 F.2d 1348, 1352 (7th Cir. 1985), *cert. denied,* 475 U.S. 1021, 106 S.Ct. 1211, 89 L.Ed.2d 323 (1986)). Because the second superseding indictment in this case contains no allegation of a common plan or scheme with respect to the 1993 and 1994 bank robberies, the court is unable to conclude that the 1993 offenses are acts which are part of the same series of acts that constitute the other charged offenses. Although the offenses alleged in Counts 1 and 2 are of a similar character, "the words 'same or similar character' are omitted from 8(b)." *Jones,* 880 F.2d at 61. "In other words, the government may not tack 8(a) and 8(b) together and in one indictment charge different defendants with committing unrelated offenses of 'similar character.'" *Id.* (citing *Velasquez,* 772 F.2d at 1352). In the present case the indictment on its face alleges no connection between the 1993 charges against Anthony Toney and the 1994 charges against Defendants. Thus, as a matter of law the joinder of the 1993 charges against Anthony Toney and the 1994 charges related to the 1994 bank robbery is improper under Rule 8(b). Therefore, the court will order Counts 1 and 2 severed on the basis of improper joinder under Rule 8(b).[4] Having found that Counts 1 and 2 were improperly joined under Rule 8(b), the court must next decide whether other counts must be severed because of prejudice to the various Defendants under Rule 14.

### B. Rule 14

▪ A motion for severance under Rule 14 rests in the sound discretion of the trial court. *See Jones,* 880 F.2d at 61; *United States v. Garcia,* 785 F.2d 214, 219 (8th Cir.), *cert. denied sub nom. Barker v. United States,* 475 U.S. 1143, 106 S.Ct. 1797, 90 L.Ed.2d 342 (1986); *United States v. Love,* 692 F.2d 1147, 1152 (8th Cir.1980); *United States v. Brown,* 605 F.2d 389, 393 (8th Cir.), *cert. denied,* 444 U.S. 972, 100 S.Ct. 466, 62 L.Ed.2d 387 (1979); *United States v. Runge,* 593 F.2d 66, 73 (8th Cir.), *cert. denied,* 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979); *United States v. Jackson,* 549 F.2d 517, 523 (8th Cir.), *cert. denied,* 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977). Judicial economy favors the joint trial of defendants where the charged offenses are based on the same evidence and result from the same or similar acts. *See Zafiro v. United States,* —— U.S. ——, ——, 113 S.Ct. 933, 937, 122 L.Ed.2d 317 (1993); *United States v. McGuire,* 45 F.3d 1177, 1187 (8th Cir.1995); *United States v. Mendoza,* 876 F.2d 639, 643 (8th Cir.1989); *United States v. Voss,* 787 F.2d 393, 401 (8th Cir.), *cert. denied,* 479 U.S. 888, 107 S.Ct. 286, 93 L.Ed.2d 261 (1986); *United States v. Dennis,* 625 F.2d 782, 801 (8th Cir.1980); *United States v. Peters,* 791 F.2d 1270, 1301 (7th Cir.), *cert. denied sub nom. Odoner v. United States,* 479 U.S. 847, 107 S.Ct. 168, 93 L.Ed.2d 106 (1986). "Joint trials 'play a vital role in the criminal justice system.' They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro,* —— U.S. at ——, 113 S.Ct. at 937 (quoting *Richardson v. Marsh,* 481 U.S. 200, 209, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176 (1987)); *see McGuire,* 45 F.3d at 1187.

▪ In order to merit a severance, the movant must establish that "real prejudice" will result from a joint trial. *United States v. Williams,* 923 F.2d 76, 78 (8th Cir.), *cert. denied,* 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991); *Jones,* 880 F.2d at 61; *see United States v. Marin–Cifuentes,* 866 F.2d 988, 994 (8th Cir.1989); *see also United States v. Willis,* 940 F.2d 1136, 1139 (8th

---

4. The court alternatively holds that even if the court had concluded that Counts 1 and 2 were properly joined in this case, severance of these two counts pursuant to Rule 14 would be required in this case. The court is convinced that the jury would be apt to consider the 1993 offenses, even with a limiting instruction, when considering whether Defendant Anthony Toney and the other Defendants participated in the 1994 offenses. Because the jury would not be able to compartmentalize the evidence against each Defendant due to the presence in this case of the 1993 offenses, the court finds that Counts 1 and 2 must be severed because of the clear danger of prejudice should those two counts be tried with the remaining counts found in the superseding indictment.

Cir.1991); *United States v. McConnell,* 903 F.2d 566, 571 (8th Cir.1990), *cert. denied sub nom. Byrne v. United States,* 498 U.S. 1106, 111 S.Ct. 1011, 112 L.Ed.2d 1093 (1991); *United States v. Cadwell,* 864 F.2d 71, 73 (8th Cir.1988); *United States v. Adkins,* 842 F.2d 210, 212 (8th Cir.1988); *Garcia,* 785 F.2d at 220; *United States v. Lee,* 743 F.2d 1240, 1248 (8th Cir.1984); *United States v. Miller,* 725 F.2d 462, 467 (8th Cir.1984). A defendant's burden in making this showing has been characterized as heavy. *Marin–Cifuentes,* 866 F.2d at 994; *United States v. Long,* 857 F.2d 436, 443 (8th Cir.1988); *United States v. Robinson,* 774 F.2d 261, 266 (8th Cir.1985).

■ Severance is not warranted merely because the movant did not personally participate in every act constituting the charged offense, *United States v. Lynch,* 800 F.2d 765, 767 (8th Cir.1986), *cert. denied,* 479 U.S. 1094, 107 S.Ct. 1310, 94 L.Ed.2d 164 (1987), or because the movant stands a better chance of acquittal at a separate trial. *United States v. Anthony,* 565 F.2d 533, 538 (8th Cir.1977), *cert. denied,* 434 U.S. 1079, 98 S.Ct. 1274, 55 L.Ed.2d 787 (1978).

A defendant is not entitled to severance merely because the evidence against a co-defendant may be more weighty or damaging than the evidence against him. *See McGuire,* 45 F.3d at 1187; *United States v. Garrett,* 961 F.2d 743, 746 (8th Cir.1992); *United States v. Pecina,* 956 F.2d 186 (8th Cir.1992); *United States v. Pou,* 953 F.2d 363, 368–69 (8th Cir.1992); *Love,* 692 F.2d at 1152; *United States v. Williams,* 604 F.2d 1102, 1119 (8th Cir.1979); *United States v. Knife,* 592 F.2d 472, 480 (8th Cir.1979); *United States v. Fuel,* 583 F.2d 978, 987 (8th Cir.1978), *cert. denied,* 439 U.S. 1127, 99 S.Ct. 1044, 59 L.Ed.2d 88 (1979).

■ While some evidence admitted at trial may concern fewer than all of the defendants, this alone does not warrant severance. *See United States v. Cadwell,* 864 F.2d 71, 73–74 (8th Cir.1988); *United States v. Reeves,* 674 F.2d 739, 746 (8th Cir.1982). Moreover, the existence of stronger proof with respect to certain defendants as opposed to others does not mandate severance. *McGuire,* 45 F.3d at 1187; *United States v.*

*Davis,* 882 F.2d 1334 (8th Cir.1989), *cert. denied sub nom. Harris v. United States,* 494 U.S. 1027, 110 S.Ct. 1472, 108 L.Ed.2d 610 (1990); *United States v. Rodrequez,* 859 F.2d 1321, 1325 (8th Cir.1988), *cert. denied sub nom. Zulueta v. United States,* 489 U.S. 1058, 109 S.Ct. 1326, 103 L.Ed.2d 594 (1989); *United States v. Anderson,* 626 F.2d 1358, 1373 (8th Cir.1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981).

■ Clear prejudice does not merely mean that a defendant's chances for acquittal may be better with a separate trial. *Jackson,* 549 F.2d at 524; *United States v. Lee,* 743 F.2d 1240, 1248 (8th Cir.1984); *see Peters,* 791 F.2d at 1301. Whether or not prejudice occurs depends primarily on whether the jury could compartmentalize the evidence against each defendant. *See United States v. Nevils,* 897 F.2d 300, 305 (8th Cir.), *cert. denied sub nom. Braddock v. United States,* 498 U.S. 844, 111 S.Ct. 125, 112 L.Ed.2d 93 (1990); *Long,* 857 F.2d at 443; *United States v. Massa,* 740 F.2d 629, 644 (8th Cir.1984), *cert. denied,* 471 U.S. 1115, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985).

With these standards in mind, the court turns to consideration of Defendants' specific claims for severance. The court will address the claims in a topical manner due to the fact that many of the claims are raised in more than one of Defendants' motions.

### 1. Antagonistic Defenses

■ Defendant Anthony Toney asserts that he is entitled to severance because Defendants are likely to present antagonistic defenses. "Mutually antagonistic defenses are not prejudicial per se." *Zafiro,* —— U.S. at ——, 113 S.Ct. at 938 (declining to adopt a bright-line rule mandating severance whenever co-defendants have conflicting defenses). Where a defendant asserts that his defense would conflict with a co-defendant's defense, that defendant must show more than that his or her anticipated defense strategy is generally antagonistic to that of the other co-defendants. *See Jones,* 880 F.2d at 63. The mere fact that some degree of hostility exists among the defendants is insufficient to require severance. *See United*

*States v. Faul,* 748 F.2d 1204, 1217 (8th Cir.1984); *United States v. Davis,* 747 F.2d 440, 443 (8th Cir.1984). Nor is severance mandated because the joinder will make defense more problematic. *See McGuire,* 45 F.3d at 1187. Defendant Anthony Toney is required to show that the conflict between the defense is so prejudicial that the differences are "actually irreconcilable." *United States v. Oakie,* 12 F.3d 1436, 1441 (8th Cir.1993); *United States v. Mason,* 982 F.2d 325, 328 (8th Cir.1993); *See Robinson,* 774 F.2d at 267. The test for determining whether defenses are irreconcilable is "whether the defenses so conflict that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *United States v. Johnson,* 944 F.2d 396, 403 (8th Cir.), *cert. denied,* 502 U.S. 1008, 112 S.Ct. 646, 116 L.Ed.2d 663 (1991); *see United States v. Gutberlet,* 939 F.2d 643 (8th Cir.1991).

■ Here, Defendant Anthony Toney has made no showing to buttress his claim that his defenses are antagonistic to that of his co-defendants. Indeed, Defendant Anthony Toney does not even reveal what defenses he and his co-defendants intend to employ in this matter. The mere utterance of "antagonistic defenses" by Defendant Anthony Toney carries with it no talismanic qualities which would compel the court to grant this portion of his motion. Where, as here, a defendant fails to state the nature of his defense and in what respect, if any, his defense is irreconcilable with that of his co-defendants, no basis exists to grant the defendant's motion for severance on the ground of antagonistic defenses. *See United States v. Spitler,* 800 F.2d 1267, 1272 (4th Cir.1986); *United States v. Porter,* 764 F.2d 1, 14 (1st Cir.1985); *United States v. Badr,* 604 F.Supp. 569, 582 (E.D.N.Y.1985); *United States v. Wheaton,* 463 F.Supp. 1073, 1077 (S.D.N.Y.), *aff'd sub nom. United States v. Williams,* 614 F.2d 1293 (2d Cir.1979); *United States v. Pellon,* 475 F.Supp. 467, 482 (S.D.N.Y.1979), *aff'd,* 620 F.2d 286 (2d Cir.), *cert. denied,* 446 U.S. 983, 100 S.Ct. 2963, 64 L.Ed.2d 839 (1980). Therefore, this segment of Defendant Anthony Toney's motion is denied.

### 2. Jury's Ability to Compartmentalize the Evidence [5]

Much of the fire in Defendants' arguments concerning any prejudicial spillover effect has been doused by the court's decision above to sever Counts 1 and 2 from the other counts in the second superseding indictment. Furthermore, none of the Defendants have made the required showing that clear prejudice will result if the court denies their respective motions to sever.

■ The jury will be specifically instructed that they must consider each Defendant separately. Eighth Circuit Model Criminal Jury Instruction 3.08 instructs the jury that:

> Each Defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and must return a separate verdict for each of the crimes charged.

*Cf. Zafiro,* —— U.S. at ——, 113 S.Ct. at 939 (instructions to jury, *inter alia,* that they were to give separate consideration to each defendant was sufficient to cure possible prejudice). Defendants have offered no support for their specific claims, that the jury will not be able to compartmentalize the evidence, other than conclusory statements regarding the fact that they are not charged in certain counts. " '[T]here is a presumption that the jury will be able to sort out the evidence applicable to each defendant and render its verdict accordingly,' " *United States v. Moreno,* 933 F.2d 362, 371 (6th Cir.) (quoting *United States v. Horton,* 847 F.2d 313, 317 (6th Cir.1988)), *cert. denied sub nom. Morris v. United States,* 502 U.S. 895, 112 S.Ct. 265, 116 L.Ed.2d 218 (1991). Here, all of the remaining offenses which are charged in the second superseding indictment related to the robbery of the bank in 1994. Therefore, the court shall deny this portion of Defendants' respective motions to sever.

---

**5.** Although Defendants Davis, Orlando Toney, Anthony Toney and Randle each raise this claim in their respective motions, the term "compartmentalize" appears only in Defendant Davis' brief.

### 3. Right to Cross–Examine Co–Defendants [6]

Defendants contend that their Sixth Amendment right to confront witnesses against them will be violated by the admission at trial of certain undisclosed inculpatory statements made by undisclosed co-defendants.[7] Defendants' claims are based on *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In *Bruton*, the United States Supreme Court held that a defendant's right to confront witnesses is violated by the introduction of a non-testifying co-defendant's confession which implicates the defendant in the crime. *Bruton*, 391 U.S. at 125–26, 88 S.Ct. at 1622–23; *See United States v. Karam*, 37 F.3d 1280, 1287 (8th Cir.1994), *cert. denied sub nom. El Hani v. United States*, — U.S. —, 115 S.Ct. 1113, 130 L.Ed.2d 1077 (1995); *United States v. Miller*, 995 F.2d 865, 867 (8th Cir. 1993).

More recently, the Court has held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when ... the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987). The Eighth Circuit has subsequently held "that the Confrontation Clause is not violated where a defendant's name is replaced by a neutral pronoun and the redacted confession implicates the defendant only when connected with other evidence in the case." *Miller*, 995 F.2d at 867; *see also United States v. Donahue*, 948 F.2d 438, 444 (8th Cir.1991), *cert. denied*, 503 U.S. 976, 112 S.Ct. 1600, 118 L.Ed.2d 314 (1992); *United States v. Garcia*, 836 F.2d 385, 390 (8th Cir.1987).

In the present case, the only possible statement which raises the specter of *Bruton* is a statement made by Defendant Orlando Toney during his incarceration which implicated the other Defendants in the commission of the charged crimes. Even with this statement, however, redaction of it would be an option to be explored before severing Defendants. *See United States v. Taft*, 769 F.Supp. 1295, 1312 (D.Vt.1991); *United States v. Webb*, 827 F.Supp. 840, 842 (D.Mass.1993) (holding that defendant's motion for severance based on *Bruton* was premature where government may choose not to introduce statement at trial or may be able to redact the statement adequately). Therefore, the court will deny as premature this portion of Defendants' respective motions to sever. Should the United States seek at trial to introduce this or some other defendant's statement which inculpates a co-defendant, Defendants may renew their motions for severance.[8]

---

6. Defendants Davis, Randle, Anthony Tony, and Orlando Toney all assert that they are entitled to severance because of the danger that inculpatory statements by non-testifying co-defendants may be used at trial.

7. The closest any of the Defendants come to identifying the alleged inculpatory statements is Defendant Anthony Toney's assertion that "[o]ne of the other alleged Defendants, Orlando Toney, has apparently made a statement in jail implicating Anthony Toney in the bank robberies." A. Toney Mot. at ¶ 4. Defendant Orlando Toney, on the other hand, cryptically states in this motion: "That there may be items of evidence consisting of statements said Defendants in all likelihood will not be available for testimony and cross-examination." O. Toney Mot. at ¶ 2. Similarly, Defendant Randle merely states: "[t]hat there may be items of evidence consisting of statements of Co–Defendants and said Co–Defendants in all likelihood will not be available for testimony and cross-examination." Randle Mot. at ¶ 5. Finally, Defendant Davis states in his brief that "the defendant herein expects the Government to offer statements of another defendant not admissible against the Defendant Davis." Davis br. at 1. However, during the January 13, 1995, hearing the court learned of a possible statement made by Defendant Orlando Toney during his incarceration which implicated other Defendants in the commission of the charged crimes. Because this statement raises the specter of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the court instructed the parties to attempt to arrive at a redacted version of the statement which does not violate *Bruton*.

8. In such event, the court must then choose between: (1) a joint trial in which the statements are excluded; (2) a joint trial in which the statements are admitted but the portions referring to the moving defendant are effectively deleted; or (3) separate trials. *Nelson v. O'Neil*, 402 U.S. 622, 626, 91 S.Ct. 1723, 1725–26, 29 L.Ed.2d 222 (1971) (Marshall, J., dissenting) (citing *American Bar Association Project on Standards for Criminal Justice, Joinder and Severance* § 2.3 (Approved Draft 1968)).

## III. CONCLUSION

Having found that Counts 1 and 2 of the second superseding indictment were misjoined in this action, the court shall grant that portion of Defendant Davis' motion in which he seeks to sever Counts 1 and 2. Therefore, Counts 1 and 2 of the second superseding indictment shall be severed from the remaining counts and a second trial on those counts will be held. In all other respects, Defendants' respective motions are denied on the ground that Defendants have failed to meet their burden of proving that prejudice will result from a joint trial.

**IT IS SO ORDERED.**