_____

No. 95-3891
_____

United States of America,          *
                                    *
        Appellee,                   *  Appeal from the United States
                                    *  District Court for the
    v.                              *  District of Minnesota.
                                    *
Donald Lee Miller,                  *          [UNPUBLISHED]
                                    *
        Appellant.                  *


_____

            Submitted:  June 11, 1996

              Filed:  August 15, 1996
            _____

Before BOWMAN, LAY, and LOKEN, Circuit Judges.

_____

PER CURIAM.


     Appellant Donald Lee Miller was convicted of a marijuana
trafficking offense.  Three days later, the government filed civil
forfeiture complaints against real property owned by Miller,
alleging that the properties in question were forfeitable as
criminal proceeds derived from Miller's drug trafficking activity.
Approximately a year later, the government's motion for summary
judgment in the forfeiture action was granted.  Miller's conviction
and 150-month sentence having been affirmed on direct appeal, see
United States v. Miller, 995 F.2d 865 (8th Cir.), cert. denied, 510
U.S. 1018 (1993), Miller filed a 28 U.S.C. § 2255 (1994) motion,
contending that he has been punished twice for the same offense, in
violation of the Double Jeopardy Clause, by his criminal conviction
on the marijuana charge and the civil forfeiture of his property.
The District Court rejected this contention, and Miller appeals.

Miller's argument is foreclosed by the decision of this Court in <u>United States v. Clementi</u>, 70 F.3d 997 (8th Cir. 1995) (holding that forfeiture of fruits of criminal activity is not punishment for purposes of double jeopardy analysis), and by the decision of the Supreme Court in <u>United States v. Ursery</u>, 116 S. Ct. 2135, 2149 (1996) (holding that <u>in</u> <u>rem</u> civil forfeitures are neither punishment nor criminal for purposes of the Double Jeopardy Clause). Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.