No. 96-1720

United States of America,  *
                           *
             Appellee,     *
                           *  Appeal from the United States
        v.                 *  District Court for the
                           *  District of Minnesota.
Stephen Edwards,           *
                           *
             Appellant.    *

                Submitted:  June 11, 1996

                Filed:  August 2, 1996

Before BEAM and HEANEY, Circuit Judges, and BOGUE[*], District Judge.


HEANEY, Circuit Judge.


     Stephen Edwards appeals his convictions for aiding and abetting
possession with intent to distribute cocaine and for conspiracy to possess
with intent to distribute cocaine.  Edwards argues that the district court
erred in admitting evidence that police had seized from his residence prior
to his arrest.  Edwards also challenges his 96-month sentence.  He argues
that the district court erred in applying a two-level adjustment for his
role in the offense.  We find no merit to either argument and affirm his
conviction and sentence.

_____

      [*]The Honorable Andrew W. Bogue, United States District Judge
for the District of South Dakota, sitting by designation.

On May 17, 1994, police officers executed a search warrant at Edwards' residence. Police found a list of codes for delivering messages via pagers in a notebook which also contained airline tickets in Edwards' name. The coded messages included the phrases, "I have a sale," "need some more," "almost done," and "police." The notebook also contained papers with lists of names and dollar figures consistent with prices for cocaine. Additionally, police found $6,808 in cash, a pager, and a loaded handgun in a bag in a laundry chute. There is no evidence in the record that any charges resulted from this search.

On May 4, 1995, Edwards again drew police attention. He was the driver of one of two cars that police suspected were involved in drug trafficking. Police observed Edwards and two other men, Hamilton and Bolden, getting out of the two cars in front of a hotel parking ramp and entering the ramp on foot. Hamilton exited the ramp shortly thereafter. Edwards and Bolden remained in the garage for fifteen minutes. When they left the garage, Bolden was visibly carrying something under his shirt.

Bolden returned to one of the cars where Welch, a fourth man, was waiting. Bolden and Welch drove off at a high speed. After a chase, police arrested Bolden and Welch; Bolden was carrying 908 grams of cocaine. Both Bolden and Welch made post-arrest statements implicating Edwards as the person for whom they were working.

Police arrested Edwards near the parking ramp. Edwards was carrying two pagers, and a third pager was found in his briefcase. The briefcase also contained papers with names and large dollar amounts which, as an investigator later testified, were consistent with prices for cocaine. Police did not find any drugs either on Edwards' person or in his car.

Edwards was charged in a two-count indictment along with Bolden and Welch. Count I charged the three defendants with aiding and abetting the possession with intent to distribute approximately 908 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count II charged each defendant with conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846.

At trial the government introduced evidence of the May 17, 1994 search of Edwards' apartment under Rule 404(b) of the Federal Rules of Evidence. A jury found Edwards guilty on both counts.

On March 7, 1996, the court sentenced Edwards to 96 months imprisonment to be followed by a four-year term of supervised release. Edwards' base offense level was 26. In accordance with the recommendation of the probation office, the court added two levels for his supervisory role in the offense pursuant to section 3B1.1(c) of the United States Sentencing Guidelines.

II.

## A. Rule 404(b) Evidence

Edwards contends that the district court committed reversible error by admitting evidence seized by police during the May 17, 1994 search of his residence. Under Rule 404(b), evidence of prior bad acts may be admitted to demonstrate motive, opportunity, intent, preparation, common plan, knowledge, identity, or absence of mistake or accident. To be admissible, evidence must also meet the following conditions: It must be sufficient to support a jury finding that the defendant committed the prior act; the probative value of the evidence must outweigh its prejudicial effect; and the bad act must be reasonably similar in kind and close in time to the crime charged. United States v. Jones, 990 F.2d 1047, 1050 (8th Cir.), cert denied, 114 S. Ct. 699 (1994). We review the district

court's decision to admit rule 404(b) evidence for an abuse of discretion. United States v. Huff, 959 F.2d 731, 736 (8th Cir.), cert. denied, 113 S. Ct. 162 (1992).

The district court did not abuse its discretion in admitting the evidence from the prior search. The evidence was relevant to the material issue of Edwards' knowledge and intent. Edwards' defense--that he was merely present and had no knowledge that a crime was being committed--made Edwards' intent and knowledge material issues at trial. See United States v. Thomas, 58 F.3d 1318, 1322 (8th Cir. 1995) (holding any defense that challenges the mental element of the government's case makes the defendant's intent a material issue).

The evidence seized at Edwards' apartment was also similar in kind and close in time to the crime charged. During the search, police seized a pager and drug-related notes similar to those Edwards possessed at the time of his arrest. The loaded firearm and the large quantity of cash found during the search provided further evidence of similar drug-trafficking activity. Moreover, the execution of the warrant was reasonably close in time to Edwards' arrest on the possession and conspiracy charges. See United States v. Burk, 912 F.2d 225, 228 (8th Cir. 1990) (reasonableness standard used to determine the number of years that can separate the prior bad act from the crime charged).

There was sufficient evidence to support a jury finding that Edwards committed the prior acts. Similar-act evidence is only relevant if it permits a jury to conclude that the act occurred and that the defendant was the actor. Huddleston v. United States, 485 U.S. 681, 689 (1988). All of the items were seized from an apartment where Edwards lived and kept the utilities in his name. Edwards was at the residence at the time the officers conducted the search. Significant pieces of evidence were found in a notebook

with other documents bearing Edwards' name.  Thus, Edwards was clearly linked to the evidence seized.

Finally, the evidence seized under the prior search warrant was not unfairly prejudicial.  The district court made an explicit finding that the evidence was more probative than prejudicial, a balancing that is uniquely within the discretion of the district court.  United States v. Adediran, 26 F.3d 61, 64 (8th Cir. 1994).  The evidence had no undue tendency to suggest decision on an improper basis.  It suggests activity very similar to the acts charged, and thus was not so inflammatory as to unduly divert attention from the case.  U.S. v. Yellow, 18 F.3d 1438, 1442 (8th Cir. 1994).  Moreover, the district court gave a limiting instruction concerning the use of the evidence that minimized the likelihood that prejudice could occur.  See United States v. Sykes, 977 F.2d 1242, 1246 (8th Cir. 1992).

For the above reasons, we hold that the district court did not abuse its discretion in admitting the evidence seized in the prior search.

B. Sentencing Adjustment for Supervisory Role

Edwards also contends that the district court erred by applying a two-level upward adjustment for his role as a manager or a supervisor pursuant to guideline section 3B1.1(c).  The government has the burden of proving by a preponderance of the evidence that the facts supported the increase.  United States v. Greene, 41 F.3d 383, 386 (8th Cir. 1994).  We review a district court's finding that a defendant played a supervisory role as a factual determination and will not overturn such a finding unless it is clearly erroneous.  United States v. Hazelett, 80 F.3d 280, 284 (8th Cir. 1996).

There was sufficient evidence for the district court to conclude that Edwards' co-defendants were working under his direction and control. The presentence report included post-arrest statements by both Welch and Bolden indicating that they were working under Edwards' direction. Welch stated that he was on a "dope run" for Edwards and Hamilton. Bolden told police that he was transporting drugs for two men. Although he said he could not name the men because they would kill him, the identities of the men were clearly implied by the totality of Bolden's statements.

The court could consider the post-arrest statements of Welch and Bolden for sentencing purposes. The sentencing court may consider hearsay evidence contained in the presentence report if the individual being sentenced is given an opportunity to explain or rebut the evidence and if the court makes an explicit factual finding on any disputed issue. United States v. Hammer, 3 F.3d 266 (8th Cir.), cert denied 114 S. Ct. 1121 (1994). Edwards was given a full opportunity to rebut Welch's and Bolden's post-arrest statements at the sentencing proceeding. He did not request an evidentiary hearing and stated that he would not submit any affidavits to rebut the post-arrest statements. The court found that the government had sustained its burden with respect to his supervisory role.

## III.

The evidence seized from Edwards' apartment prior to his arrest was material and relevant, did not cause undue prejudice, and was reasonably related in kind and time to the crime charged. Also, sufficient evidence existed to support the two-level sentencing adjustment for Edwards' supervisory role in the offenses of conviction. Accordingly, we affirm his conviction and sentence.

6

A true copy.

Attest:

     CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.