# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-1220MN

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Jose Antonio Caban, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: October 23, 1998
Filed: October 28, 1998

———————

Before FAGG, ROSS, and BEAM, Circuit Judges.

———————

PER CURIAM.

Jose Antonio Caban appeals his convictions for conspiracy to distribute and to possess with intent to distribute cocaine and methamphetamine, and the use of a telephone in furtherance of drug trafficking. See 21 U.S.C. §§ 846 & 841(b)(1)(B) (1994); 21 U.S.C. § 843(b) (1994). Caban contends the district court abused its discretion when it admitted a police videotape showing him negotiating a cocaine transaction with undercover officers in 1993. We disagree. Caban's defense challenged the mental element of the crimes charged in the indictment, so the Government had to prove Caban's state of mind. See United States v. Thomas, 58 F.3d 1318, 1322 (8th Cir. 1995). Thus, the district court properly admitted the

videotape to show Caban's knowledge and intent and the tape's probative value substantially outweighed the danger of unfair prejudice. See Fed. R. Evid. 404(b); United States v. Edwards, 91 F.3d 1101, 1103-04 (8th Cir. 1996). Caban also contends the prosecutor improperly insinuated Caban was a dangerous person when the prosecutor in his opening statement told the jury its decision making was limited because charges against other persons had been disposed of, and the jury did not "have to worry about those [other] people anymore." Caban further argues that even though his counsel stated he had no objection to the document, the district court erroneously admitted Caban's earlier misdemeanor conviction into evidence. Finally, despite other evidence that Caban was a large-scale drug operator, Caban contends the Government's final witness improperly referred to Caban as a drug dealer. In all three circumstances, Caban failed to object, so we review for plain error and find none. See United States v. Guerra, 113 F.3d 809, 816-17 (8th Cir. 1997).

We affirm Caban's convictions.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.