# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3355

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Francisco Ocampo, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 5, 1999

Filed: February 9, 1999

_____

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Francisco Ocampo pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846. Mr. Ocampo objected to the presentence report's recommendation of a two-level enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(c) (1998) for being a leader of a criminal offense, and to the calculation of his criminal history score. Mr. Ocampo additionally sought a downward departure, arguing that his criminal history score overrepresented the

seriousness of his past offenses. After a hearing, the district court[1] overruled Mr. Ocampo's objections and denied his departure motion. The court then granted the government's downward departure motion under U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (1998) for substantial assistance. The district court sentenced Mr. Ocampo to 172 months imprisonment and five years supervised release, and fined him $2,500. Mr. Ocampo appeals and we affirm.

Mr. Ocampo argues the district court erred in counting his 1993 Illinois conviction for unlawful use of a weapon in his criminal history score, because the offense was "similar" to reckless driving or disorderly conduct--offenses excluded from an offender's criminal history score under U.S. Sentencing Guidelines Manual § 4A1.2(c)(1) (1998). Assuming Mr. Ocampo's argument was properly raised below, we conclude his 1993 offense is not similar to that of reckless driving or disorderly conduct, or to any of the other listed offenses. See United States v. Mitchell, 941 F.2d 690, 691 (8th Cir. 1991) ("similar" means "[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness") (internal quotes and citations omitted); cf. United States v. Ziglin, 964 F.2d 756, 758 (8th Cir. 1992) (proper to count prior offense of exhibiting deadly weapon in threatening manner where offense was not on exclusionary list of § 4A1.2(c)(1) or (c)(2) and was not similar to such listed offenses).

We do not review Mr. Ocampo's argument that the court erred in denying his request for a departure motion based on an overrepresented criminal history score, as the record reflects the district court's decision was a discretionary one. See United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993).

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

As to the two-level role-enhancement, we note initially that the government has the burden of proving by a preponderance of the evidence that the facts support an offense-level increase under section 3B1.1(c). See United States v. Edwards, 91 F.3d 1101, 1104 (8th Cir. 1996). After reviewing the record, we believe the district court did not clearly err in finding that Mr. Ocampo was a leader, based on evidence indicating that he was a significant participant in the two drug transactions carried out pursuant to the conspiracy, that he was involved in planning the transactions, and that he exercised decision-making authority. Among other things, the transactions did not occur until Mr. Ocampo arrived in Oklahoma from California; it was Mr. Ocampo who personally picked up a package of methamphetamine at a prearranged location in connection with the conspiracy; the existence of utility bills in Mr. Ocampo's name at an apartment in Fort Smith, Arkansas, where police seized methamphetamine indicates he was responsible financially for certain operating costs of an apartment that served to facilitate the conspiracy; and Mr. Ocampo directed a confidential informant at one point to drive a vehicle containing methamphetamine from Oklahoma to Arkansas. See U.S. Sentencing Guidelines Manual § 3B1.1, comment. (n.4) (1998) (listing factors relevant to determination of role-in-the-offense enhancement); United States v. Mayer, 130 F.3d 338, 340 (8th Cir. 1997) (this court has broadly defined term "leader" under section 3B1.1); cf. Edwards, 91 F.3d at 1104 (affirming supervisor enhancement where evidence showed co-defendants worked under defendant's direction and control).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.