# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2733

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Manuel Encee, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: December 12, 2000

Filed: July 19, 2001

_____

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and LAUGHREY,[1] District Judge.

_____

LAUGHREY, District Judge.

After a jury trial, Manuel Encee was convicted of conspiracy to distribute methamphetamine. Mr. Encee contends that the district court[2] erred by denying his

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri, sitting by designation.

[2]The Honorable Joseph E. Bataillon, United States District Judge for the District of Nebraska.

motion for a mistrial, and by assessing a two point enhancement for Mr. Encee's role in the offense. We affirm.

Near the beginning of a three day trial, the officer who arrested Mr. Encee testified that a bag of drugs had been found in the basement of Mr. Encee's house. At the time of his arrest, Mr. Encee was told that his fingerprints were on the bag. The officer testified that Mr. Encee did not deny that the fingerprints were his. The prosecutor then asked the following question: "When you mentioned the statement you took from Mr. Encee, you mentioned his demeanor. How did you take that, his reaction?" The officer responded, "His refusal to deny the fingerprint, it appeared guilt – it appeared to imply guilt on his part." Defense counsel objected to the officer's statement and moved to strike it. Initially, the district court overruled the objection but after the parties argued the issue in chambers, the district court determined that the arresting officer's statement concerning the guilt of Mr. Encee was improper. On the third and final day of trial, the district court gave a cautionary instruction, telling the jury to disregard the arresting officer's statement. The district court, however, refused to grant Mr. Encee's motion for mistrial.

It is within the discretion of the district judge to grant or deny a motion for mistrial and the decision will be reviewed only for an abuse of discretion. *U.S. v. Gladfelter*, 168 F.3d 1078, 1082 (8th Cir. 1999). The government concedes that the arresting officer's statement was improper, so the only question before us is whether the curative instruction given by the district court was sufficient. "The admission of allegedly prejudicial testimony is ordinarily cured by an instruction to the jury to disregard the testimony." *U.S. v. Nelson*, 984 F.2d 894, 897 (8th Cir. 1993). Whether a curative instruction is sufficient must be evaluated in the context of the entire trial, including the strength of the government's evidence. *U.S. v. Maza*, 93 F.3d 1390, 1397 (8th Cir. 1996).

Mr. Encee's trial was short, so the lapse of time between the improper statement and the curative instruction was not so long as to require a mistrial. There was also substantial evidence to support Mr. Encee's conviction. He was moving into the house where the drugs were found. Moments before the search, Mr. Encee was observed leaving the residence. Co-conspirators testified that Mr. Encee delivered drugs to three different people on the day of his arrest and was observed carrying the green bag containing the drugs which was later found by the police officers in the basement of his house. Given the strength of the government's case, it is unlikely that the jury would have been swayed by the arresting officer's opinion about Mr. Encee's guilt. In fact, defense counsel on cross examination confirmed what most jurors would expect even in the absence of the officer's testimony. When the arresting officer detained Mr. Encee, he believed Mr. Encee was guilty.

This situation is distinguishable from *U.S. v. St. Clair*, 855 F.2d 518 (8th Cir. 1988). In that case a police officer volunteered that the defendant had refused to take a polygraph test. We held that a curative instruction was insufficient, because the credibility of the defendant was crucial and the officer's statement about the polygraph test would necessarily influence the jury. In contrast, the arresting officer's conclusion about Mr. Encee's guilt was not critical to the outcome of the case and would have been readily inferred by the jury even if the officer had not volunteered his opinion.

Mr. Encee also contends that the district court improperly increased his offense level under U.S.S.G. § 3 B 1.1. Section 3 B 1.1 (c) provides for a two level enhancement "[i]f the defendant was an organizer, leader, manager or supervisor in any criminal activity . . . ." The burden is on the government to demonstrate by a preponderance of the evidence that an increase to a defendant's base offense level is warranted. *U.S. v. Edwards*, 91 F.3d 1101, 1104 (8th Cir. 1996). We review the district court's decision to assess an enhancement for a defendant's role in the offense for clear error. *U.S. v. Ervasti*, 201 F.3d 1029 (8th Cir. 1999). To assess additional points for a defendant's role in the offense, a district court must find at a minimum that

the defendant directed or procured the aid of underlings.  *U.S. v. Pena*, 67 F.3d 153, 156 (8th Cir. 1995).

The district court's decision to impose the two level increase under U.S.S.G. §3 B 1.1 (c) was not clearly erroneous.  The evidence at trial showed that Mr. Encee asked his co-conspirator, Monica Alconini, to rent a house for him.  Mr. Encee also instructed Ms. Alconini to rent a car for him to travel to Grand Island, Nebraska, to collect a drug debt.  Mr. Encee was the brother of Simenthal, the head of the conspiracy, and was the one who brought the drugs into the rented house even though he had told Ms. Alconini that no drugs would be there.  While there was contrary evidence concerning Mr. Encee's role in the offense, the district judge did not clearly err by enhancing Mr. Encee's sentence for being a manager or supervisor of the conspiracy.

The judgment is AFFIRMED.

JOHN R. GIBSON, Circuit Judge, concurring specially.

While I concur in the result the court reaches today, I am deeply troubled about the testimony of the officer that gives rise to the primary allegation of error.

There actually was a fingerprint, and the officer told Encee that his matched. The officers did not have Encee's fingerprint.  The officer said "this is often a technique that we use while interrogating suspects to get their reaction."  The officer admitted that he lied about the fingerprint either on the dope, or somewhere around it, and Encee was shocked when he said he had his fingerprints.

This was followed by the assistant district attorney's question:  "You mentioned his demeanor.  How did you take that, his reaction?"  The officer answered, "His refusal to deny the fingerprint, it appeared guilt -- it appeared to imply guilt on his part."

I would be remiss to fail to comment on this conduct of the officer in testifying, and the admitted lie. In a close case, this could create significant problems for the prosecution.

I also have troubling concerns that justice would have been better served had the objections been dealt with more promptly at trial rather than just before the case was submitted to the jury.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.