# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1291
_____

United States of America,       \*

                           \*

         Appellee,       \*   Appeal from the United States

                           \*   District Court for the Southern

   v.                     \*   District of Iowa.

                           \*

Alejandro J. Villalpando,     \*       [UNPUBLISHED]

                           \*

         Appellant.      \*

_____

Submitted:  August 21, 2002

Filed:  August 27, 2002

_____

Before HANSEN, Chief Judge, FAGG and BYE, Circuit Judges.

_____

PER CURIAM.

Alejandro J. Villalpando was charged with two violations of federal drug laws and two counts of unlawful possession of a firearm. A jury convicted Villalpando of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000), as well as the two charges for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g) (2000). He was acquitted of possession with intent to distribute methamphetamine. 21 U.S.C. § 841(a)(1) (2000). Villalpando then received new

appointed counsel and the district court[*] granted Villalpando's motion for a new trial on all counts. The government appealed; we affirmed in part (upholding the new trial for the conspiracy charge) and reversed in part (reversing the grant of a new trial on the weapons charges). United States v. Villalpando, 259 F.3d 934 (8th Cir. 2001). Villalpando received a retrial on the conspiracy charge and was again convicted. The district court sentenced Villalpando to concurrent terms of 120 months in prison (10 years) for the weapons counts and 235 months (19 ½ years) on the conspiracy count. Villalpando now appeals his conviction for conspiracy to distribute methamphetamine–the outcome of the retrial–and the resulting 235-month sentence.

Villalpando argues the trial court abused its discretion when it denied his motion for mistrial during the testimony of Federal Agent Tani Flems. See United States v. Encee, 256 F.3d 852, 854 (8th Cir. 2001) (standard of review). Flems was describing her investigation when she stated, "[Villalpando] was giving information in reference to the Garcia brothers, and during the interview he implicated himself as being involved in the distribution of drugs with these individuals, and–" (Tr. 233). Although the district court overruled defense counsel's immediate motion for a mistrial on the ground that Flems was testifying about her opinion of Villalpando's guilt, it struck Flems's comment and instructed the jury to disregard this testimony. We presume the jury followed the district court's cautionary instructions. Encee, 256 F.3d at 854. A few minutes later, Flems testified without objection that Villalpando "stated he introduced Leroy Bratcher to Mauri Garcia for the purpose of purchasing methamphetamine." (Tr. 237.)

Even assuming Flems's challenged comment was an improper expression of her opinion of Villalpando's guilt, Villalpando's motion for a mistrial was properly denied. Because Flems's challenged comment is consistent with her other testimony

---

[*]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

and with the testimony of three witnesses who identified themselves as Villalpando's co-conspirators, the district court's quick response in striking the testimony and instructing the jury to disregard it was sufficient to cure any error that occurred. See Encee, 256 F.3d at 854; United States v. Nelson, 984 F.2d 894, 897 (8th Cir. 1993). Thus, the district court did not abuse its discretion by denying Villalpando's motion for a mistrial.

Villalpando also argues the district court committed clear error when it found Villalpando deliberately gave false testimony at trial and, based upon this finding, assessed a two-level obstruction of justice enhancement. U. S. Sentencing Guidelines Manual § 3C1.1 (2001); United States v. Taylor, 207 F.3d 452, 454 (8th Cir. 2000) (standard of review). The presentence report recommended a two-level sentencing enhancement under § 3C1.1. After hearing the evidence presented at the retrial, the district court stated it was "convinced not only that the Defendant is guilty, but . . . by a preponderance of the evidence that the Defendant did, in fact, deliberately give false testimony during the course of the trial in an effort to influence the result of the case and he did obstruct justice . . . ." (Sent. Tr. 12-13.) Villalpando does not contend his testimony was the "result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). Thus, we conclude the district court did not commit clear error when it found that Villalpando's trial testimony was false and assessed the § 3C1.1 sentencing enhancement.

For the reasons stated above, we affirm Villalpando's conviction and sentence. Additionally, Villalpando's motion to supplement the record is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-