# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3626

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Western District of Missouri.
Adolfo B. Lara,　　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　　　　**[UNPUBLISHED]**
　　　　　　　　Appellant.　　　　 *

_____

Submitted: October 18, 2002
Filed: January 30, 2003

_____

Before WOLLMAN, LOKEN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Adolfo Lara pled guilty to conspiring to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii), and 846, and the district court[1] sentenced him to 135 months imprisonment and 5 years supervised release. On appeal, Lara's counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the denial of Lara's motion to withdraw his guilty plea, the drug-quantity finding, and an aggravating-role adjustment. In addition, Lara filed a

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

pro se supplemental brief. For the reasons that follow, we affirm the judgment of the district court.

First, we conclude that the district court did not abuse its discretion in denying Lara's plea-withdrawal motion, which was rooted in Lara's dissatisfaction with his prior counsel's alleged promise of a shorter sentence than Lara anticipated after seeing the presentence report. See Fed. R. Crim. P. 32(e) (when defendant makes presentencing plea-withdrawal motion, district court "may permit the plea to be withdrawn if the defendant shows any fair and just reason"); United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000) (abuse-of-discretion standard of review; defendant's allegation in plea-withdrawal motion of poor assistance by counsel was rebutted by defendant's declaration under oath at change-of-plea hearing that he understood proceedings, was satisfied with his lawyer, and had committed crimes charged), cert. denied, 531 U.S. 1181 (2001); United States v. Newson, 46 F.3d 730, 733 (8th Cir. 1995) (defendant's failure to assert any objections to counsel's performance at change-of-plea hearing refutes claim of ineffective assistance as basis for withdrawing plea). During his plea colloquy Lara affirmed that he was freely and voluntarily pleading, pursuant to a plea agreement he understood, to the conspiracy charged in the indictment. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) ("defendant's representations during the plea-taking carry a strong presumption of verity").

In addition, after acknowledging in a written plea agreement that, for purposes of applying the Sentencing Guidelines, a base offense level of at least 32 applied in light of his involvement with over 1,000 kilograms of marijuana, Lara cannot challenge the resulting sentence. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal). We further conclude that the district court's decision to impose a two-level enhancement for Lara's role in the offense was not clearly erroneous, particularly where Lara did not object to the

underlying facts in the presentence report that he contacted a codefendant and arranged for delivery of marijuana from Mexico. See United States v. Encee, 256 F.3d 852, 854-55 (8th Cir. 2001) (standard of review).

Lara's pro se argument that the district court lacked jurisdiction to sentence him because the indictment overstated the quantity of marijuana he conspired to distribute is meritless and foreclosed by his guilty plea. See United States v. Cotton, 122 S. Ct. 1781, 1785 (2002) ("defects in an indictment do not deprive a court of its power to adjudicate a case"); O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988) (per curiam) (in pleading guilty, defendant admits all factual allegations made in indictment).

We have reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues. See United States v. Vonn, 122 S. Ct. 1043, 1046 (2002) (defendant who allows Rule 11 error to pass without objection in trial court must satisfy plain-error rule, i.e., that claimed plain error affected defendant's substantial rights).

Accordingly, we affirm, and grant counsel's pending motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.