# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1429

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas. |
| James Ricky Glasgow, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 2, 2003
Filed: October 7, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.


James Ricky Glasgow, a former Postal Service employee, pleaded guilty to unlawfully detaining and delaying various catalogues and periodicals that were entrusted to him to be delivered and which were intended to be delivered, in violation of 18 U.S.C. § 1703. The district court[1] sentenced Glasgow to 3 years probation, to commence after he served a lengthy state prison term. The court also imposed a $2,000 fine, ordering that the fine bear no interest and that during probation Glasgow

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

pay at least 10% of his net monthly household income, and not less than $50 a month. On appeal, Glasgow challenges the imposition of the fine, arguing that the district court did not consider the factors outlined in U.S.S.G. § 5E1.2(d) before imposing the fine, and thus denied him due process; and that the fine is unconstitutionally excessive.

The record reveals, however, that the district court adopted the factual findings of the presentence report (which reflected Glasgow's education, work experience, and financial situation), stated that Glasgow would have "adequate time" during his probation to pay the fine, and established an installment payment plan. See U.S.S.G. § 5E1.2(f) (if lump-sum payment of fine would have unduly severe impact on defendant or his dependents, court should establish installment schedule for payment of fine); United States v. Gladfelter, 168 F.3d 1078, 1083 (8th Cir.) (crucial § 5E1.2(d) factor is defendant's ability to pay; district court adopted facts of presentence report, which contained information court was required to consider), cert. denied, 528 U.S. 886 (1999); United States v. Johnston, 973 F.2d 611, 615 (8th Cir. 1992) (district court did not clearly err by imposing fine on indigent defendant based on his ability to pay fine while working in prison and after being released), cert. denied, 506 U.S. 1068 (1993). Thus, although the district court did not make detailed findings, we conclude the court adequately considered the section 5E1.2(d) factors. See United States v. Berndt, 86 F.3d 803, 808 (8th Cir. 1996) (district court need not make specific findings as to each factor); United States v. Miller, 995 F.2d 865, 869 (8th Cir.) (district court's findings must be accepted unless clearly erroneous; due deference must be given to district court's application of Guidelines), cert. denied, 510 U.S. 1018 (1993). Furthermore, the fine did not violate the Eighth Amendment. See United States v. Hines, 88 F.3d 661, 664 (8th Cir. 1996) (whether fine is unconstitutionally excessive is based, in part, on whether fine is disproportionate to crime; if district court considers defendant's ability to pay fine, as required by Guidelines, any constitutional ability-to-pay limitation will necessarily be met).

Accordingly, we affirm.

_____