# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2711

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Rogelio Perez Sanchez, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: March 9, 2004
Filed: March 12, 2004

_____

Before MURPHY, HEANEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Appellant Rogelio Perez Sanchez pled guilty to one count of conspiracy to distribute 500 grams or more of a mixture of substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court[1] found that appellant was responsible for more than 30,000 kilograms of marijuana equivalent and set the base offense level at 38 pursuant to U.S.S.G. § 2D1.1(a)(3) (2002). His offense level was reduced three levels

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

for acceptance of responsibility, U.S.S.G. § 3E1.1, but then enhanced two levels for playing a supervisory role in the drug conspiracy, U.S.S.G. § 3B1.1(c). This led to a final offense level of 37, with a sentencing range of 235 to 293 months imprisonment. The district court sentenced Perez Sanchez to 293 months imprisonment. On appeal Perez Sanchez contests the two point supervisory role enhancement.

A sentencing court may enhance a defendant's offense level by two levels if he was "an organizer, leader, manager or supervisor" in a criminal act. U.S.S.G. § 3B1.1(c). The government has the burden of proving by a preponderance of the evidence that the enhancement is warranted. United States v. Pitts, 173 F.3d 677, 681 (8th Cir. 1999). We review a district court's application of the sentencing guidelines de novo and its underlying factual findings for clear error. United States v. Frank, 354 F.3d 910, 925 (8th Cir. 2004).

The government presented ample evidence to establish that Perez Sanchez played a supervisory role in the conspiracy. A coconspirator, Seth Harker, testified that Perez Sanchez had him wire funds, pick up money, and weigh and package methamphetamine. Perez Sanchez also directed Harker not to sell drugs to specific people, and he kept track of who Harker's customers were. Harker testified that he was "just one of the workers basically out of all the people [defendant] had selling drugs." The district court found Harker's testimony credible. Another witness, Aaron Bensen, testified that Perez Sanchez had sent him drugs via courier.

Perez Sanchez argues that he did not exercise any control over Harker because Harker described their relationship as a friendship and partnership. Even if Perez Sanchez did not control Harker, "we do not require proof of control, so long as the criminal activity involves more than one participant and the defendant played a coordinating or organizing role." United States v. Brown, 315 F.3d 929, 932 (8th Cir. 2003). The district court had the opportunity to hear the testimony, and the evidence

supported its finding of fact that Perez Sanchez played a coordinating or organizing role in the drug conspiracy. Accordingly, the judgment of the district court is affirmed.

_____