RANDOLPH, Senior Circuit Judge,
concurring:
I join the opinion of the court but write separately to say a few words about § 3Bl.l(c) of the U.S. Sentencing Guidelines. It seems to me to be a mistake to say that the § 3Bl.l(c) enhancement applies if, and only if, the defendant has exercised “control” over one or more of the participants in the crime.
*898 Section 3Bl.l(c) states: “If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase [the offense level] by 2 levels.”[1] In my view one can be a “leader” or “organizer” within the meaning of that provision without controlling other persons. The President of the United States, for instance, is sometimes called the leader of the Free World, but no one thinks this means he controls other countries. The commentary accompanying § 3B1.1 makes clear that control is just one of the many factors to be considered in determining whether the defendant was a leader or organizer. See U.S. S.G. § 3B1.1 application note 4.[2] The court held in United States v. Graham that no one of those factors is “dispositive.” 162 F.3d 1180, 1185 (D.C.Cir.1998).
The confusion arises because Graham— a § 3Bl.l(b) case, not, as here, a § 3Bl.l(c) case — a few lines later said: “All persons receiving an enhancement must exercise some control over others.” Id. Subsection (b) applies only to managers and supervisors; it does not apply to a defendant who was an organizer or leader. See U.S.S.G. § 3Bl.l(b). Applying that statement to the entire Guideline, including subsection (c), would render lack of control dispositive for leaders and organizers. This would render Graham self-contradictory because control is just one of the factors to be considered.
I therefore would not treat this one sentence from Graham, which was dictum as applied to organizers and leaders, as settling the issue under § 3Bl.l(c). Although the sentence has been sporadically repeated, see, e.g., United States v. Smith, 374 F.3d 1240, 1250 (D.C.Cir.2004); United States v. Quigley, 373 F.3d 133, 139 (D.C.Cir.2004), it has hardly become our consistent approach. Cf. Maj. Op. at 896. We have also repeated, since Graham, that “[w]hile plainly control is one factor in determining whether someone qualifies as an ‘organizer or leader,’ the Guidelines include several other factors.” United States v. Brodie, 524 F.3d 259, 270 (D.C.Cir.2008); see also United States v. Wilson, 240 F.3d 39, 46-48 (D.C.Cir.2001).
A brief survey of the other circuits’ treatment of § 3B1.1 indicates that “[m]ost courts require that ... the defendant [ ] exercise some degree of control over others involved in the commission of the offense or [that he] have been responsible for organizing others for the purpose of carrying out the crime.” David Debold, PRACTICE Under the Federal Sentencing Guidelines § 3.04(A)(2)(c) (2013) (emphasis added); see, e.g., United States v. Wasz, 450 F.3d 720, 730 (7th Cir.2006); United States v. Riley, 335 F.3d 919, 929 (9th Cir.2003); United States v. Giraldo, 111 F.3d 21, 24 (5th Cir.1997). The circuits do vary somewhat in their approaches. See Thomas W. Hutchison et *899 AL„ FEDERAL SENTENCING LAW & PRACTICE 1195-97 (2013). But the approach Clark urges us to adopt would preclude applying the enhancement when “the defendant played a coordinating or organizing role,” United States v. Brown, 315 F.3d 929, 932 (8th Cir.2003) (internal quotation marks and citation omitted), or when, as here, it is the defendant’s “expertise alone that made the operation possible,” United States v. Kelly, 204 F.3d 652, 657-58 (6th Cir.2000). I cannot reconcile such an approach with the Guideline.
The record supports the district court’s finding that Clark was the “mastermind” of this offense, and I agree with the majority that “[mjasterminds direct and control others.” Maj. Op. at 896. That is sufficient, though not in my view necessary, to affirm the two-level enhancement.

. Subsections (a) and (b) are as follows:
(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

. Application note 4 to § 3B1.1 instructs that, in determining whether a defendant is a leader or organizer,
[f]actors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.